UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHARLES HOLBROOK,<br>    Petitioner, | Case No. 1:21-cv-385 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| WARDEN, SLF,<br>    Respondent. | **REPORT AND**<br>**RECOMMENDATION** |

Petitioner, an inmate in state custody at the St. Louis Correctional Facility (SLF) in St. Louis, Michigan, has filed a pro se petition with this Court. The Michigan Department of Corrections Offender Information Tracking System indicates that petitioner is in custody as a result of his Kent County, Michigan convictions in case number 0908856-FH.[1]

Despite being repeatedly advised that the Southern District of Ohio is not the proper venue to file actions collaterally challenging or otherwise pertaining to his Kent County, Michigan convictions and sentence, petitioner has filed at least fifteen cases in this Court. As the Court recently noted in a case filed by petitioner:

> This is the ninth submission by petitioner to this Court challenging his state court conviction and sentence. *See Holbrook v. Warden*, Case No. 1:16-cv-592 (S.D. Ohio May 31, 2016); *Holbrook v. Warden*, Case No. 1:16-cv-600 (S.D. Ohio June 20, 2016); *Holbrook v. Pols,* Case No. 1:16-cv-834 (S.D. Ohio Aug. 11, 2016); *Holbrook v. Pols,* Case No. 1:16-cv-1013 (S.D. Ohio Oct. 20, 2016); *Holbrook v. Warden*, Case No. 1:17-cv-274 (S.D. Ohio April 24, 2017); *Holbrook v. Pols*, Case No. 1:17-cv-186 (S.D. Ohio May 20, 2017); *Holbrook v. Warden*, Case No. 1:20-cv-501 (S.D. Ohio June 29, 2020); *Holbrook v. Michigan*, Case No. 1:20-cv-687 (S.D. Ohio Sept. 2, 2020). In each of these cases, the Court transferred the submission to the United States District Court for the Western District of Michigan, which serves Kent County, Michigan, where petitioner was tried and convicted. *See* Case No. 20-687 (Doc. 4 at PageID 14-15) ("Plaintiff is no stranger to this Court. He has filed seven other civil actions in the Southern District of Ohio, all of which have been transferred to the Western District of Michigan."). In response to petitioner's consistent filing of motions and other documents in his cases after they have been transferred, the Court has issued at least one Order advising him that all filings subsequent to transfer will be summarily denied and/or stricken from the

---

[1] Viewed at http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=767925.

> record. *See Holbrook v. Pols*, No. 16-384 (Doc. 20). *See also* Case No. 20-501 (denying eight motions for reconsideration of the Court's transfer order).
>
> With a similar filing history in other jurisdictions, petitioner has been sanctioned and/or issued filing restrictions on collateral attacks on his conviction and sentence. *See Holbrook v. Michigan*, Case No. 1:20-cv-1650 (S.D. Ind. Jan. 29, 2021) (issuing sanctions after Holbrook "continued to file in this Court baseless petitions and motion or relief related to his 2010 Michigan conviction" after being informed that the Southern District of Indiana is not the proper venue for his petitions); *Holbrook v. Warden*, Case No. 2:20-cv-11544 (E.D. Mich. July 9, 2020) (noting that petitioner was deemed an abusive filer and enjoined from filing additional cases in the Eastern District of Michigan "without securing permission from the Sixth Circuit to file a successive petition, or permission from the Chief Judge of our district to file any pleading which otherwise challenges his conviction").

*Holbrook v. Warden*, Case No. 1:21-cv-220 (S.D. Ohio May 3, 2021) (Doc. 4).

Based on his history of filing repetitive lawsuits in this Court despite being advised that the Southern District of Ohio is not the proper venue, petitioner has been warned on several occasions that if he continues to file collateral challenges to his Michigan conviction and sentence in this Court he may be declared a vexatious litigator and subject to sanctions and/or filing restrictions. *See Holbrook v. State of Michigan*, Case No. 1:21-cv-356 (S.D. Ohio June 10, 2021) (Doc. 3) ("Petitioner is again advised that if he continues to file collateral challenges to his Michigan conviction and sentence in this Court—which is not the proper venue—he may be declared a vexatious litigator and subject to sanctions and/or filing restrictions."); *Holbrook v. State of Michigan*, Case No. 1:20-cv-687 (S.D. Ohio May 17, 2021) (Doc. 13) (same); *Holbrook v. Warden*, Case No. 1:20-cv-220 (S.D. Ohio May 3, 2021) (Doc. 4) (same).

Petitioner has since filed five additional, repetitive petitions in this Court. *See Holbrook v. State*, Case No. 1:21-cv-381 (S.D. Ohio June 7, 2021) (Black, J.; Litkovitz, M.J.); *Holbrook v. State of Michigan*, Case No. 1:21-cv-382 (S.D. Ohio June 7, 2021) (Black, J.; Bowman, M.J.); *Holbrook v. State of Michigan*, Case No. 1:21-cv-383 (S.D. Ohio June 7, 2021) (Black, J.;

2

Bowman, M.J.); *Holbrook v. State of Michigan*, Case No. 1:21-cv-384 (S.D. Ohio June 7, 2021) (McFarland, J.; Bowman, M.J.); *Holbrook v. Warden*, Case No. 1:21-cv-385 (S.D. Ohio June 7, 2021) (Barrett, J.; Bowman, M.J.). As in his prior cases, petitioner maintains he is in state custody despite there being no evidence of a crime and/or seeks compassionate release.

Based on petitioner's continual filing of petitions and motions for relief related to his Michigan conviction and sentence, despite numerous warnings that this is not the proper venue and that he may be subject to filing restrictions and/or sanctions, the undersigned recommends that petitioner be declared a vexatious litigator and be restricted from filing collateral challenges or any other action concerning his Michigan conviction, sentence, or custody in this Court. *See* Fed. R. Civ. P. 11. *See also Stewart v. Fleet Financial,* No. 99-2282, 2000 WL 1176881, at *2 (6th Cir. Aug. 10, 2000) (citing *Feathers v. Chevron U.S.A.,* 141 F .3d 264, 269 (6th Cir. 1998) (recognizing that the Court "has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions")). The Clerk of Court should be directed not to accept for filing any such action filed by petitioner unless the filing is certified as being nonfrivolous and filed in the proper venue by an attorney. Submissions filed by petitioner that do not include a certification should be returned to petitioner unfiled.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for relief be **DISMISSED without prejudice** subject to filing in the proper venue.

2. Petitioner be declared a vexatious litigator and the Clerk of Court be **DIRECTED** not to accept for filing any action filed by petitioner collaterally challenging or otherwise concerning

3

his Michigan conviction, sentence, or custody unless the filing is certified as being nonfrivolous and filed in the proper venue by an attorney. Submissions filed by petitioner that do not include a certification should be returned to petitioner unfiled.

                                                *s/Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| CHARLES HOLBROOK,<br>    Petitioner, | Case No. 1:21-cv-385 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| WARDEN, SLF,<br>    Respondent. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).