**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Charles Holbrook,

      Petitioner,                                    Case No. 1:21cv385

    v.                                         Judge Michael R. Barrett

Warden, SLF,

      Respondent.

### ORDER

This matter is before the Court on the Magistrate Judge's August 30, 2021 Report and Recommendations ("R&R") (Doc. 2) and Petitioner's Objections (Doc. 5).

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Petitioner is proceeding in this matter *pro se*. Petitioner is an inmate at the St. Louis Correctional Facility in St. Louis, Michigan. As the Magistrate Judge explained, Petitioner is in custody as a result of his Kent County, Michigan convictions. (Doc. 2, PAGEID 3). Petitioner has filed over fifteen cases in this Court challenging his Michigan convictions and sentence. (Id.) Each of these cases have been transferred to the United States District Court for the Western District of Michigan based on improper venue. (Id.) Petitioner was warned on several occasions that if he continued to file these collateral

challenges to his Michigan conviction and sentence in this Court, he may be declared a vexatious litigator.  Despite this warning, Petitioner filed additional petitions in this Court. (See Doc. 2, PAGEID 4-5) (collecting cases).  In these filings, Petitioner raises the same arguments related to his Michigan conviction and sentence.  Similarly, Petitioner's objections state:

> There has been no <u>crime</u>.  The <u>state</u> has no <u>evidence</u> of any <u>crime</u>.  And the <u>state</u> knows it.  Since 2012 we <u>ask</u> the federal <u>courts</u> for help.  We got nothing.  What, pray tell, are you "people" afraid of?  We get <u>nothing</u> but insults and humiliation.  We try to ignore your "wrong venue."  You will "do just fine."

(Doc. 5, PAGEID 13-14) (emphasis in original).

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's R&R (Doc. 2) to be thorough, well-reasoned, and correct.  Under 28 U.S.C. § 2254(d), a petition for a writ of habeas corpus "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him."  Petitioner was not convicted or in custody in the Southern District of Ohio, and therefore his claims are not properly before this Court.  Despite being advised on multiple occasions that the Southern District of Ohio is not the proper venue, Petitioner continues to file his claims here.  Petitioner's objections seem to reaffirm that he has little regard for the numerous warnings from this Court.  As such, the Court sees "nothing wrong, in circumstances such as these, with an order that restrains not only an individual litigant from repeatedly filing an identical complaint, but that places limits on a reasonably defined category of litigation because of a recognized pattern of repetitive,

frivolous, or vexatious cases within that category." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998).

Accordingly, the Magistrate Judge's August 30, 2021 R&R (Doc. 2) is **ADOPTED** in its entirety, and Petitioner's Objections (Doc. 5) are **OVERRULED**. It is hereby **ORDERED** that:

1. Petitioner's petition for relief be **DISMISSED** without prejudice subject to filing in the proper venue; and

2. Petitioner is declared a vexatious litigator. *Accord Holbrook v. State*, Case No. 1:21cv381 (S.D. Ohio Mar. 22, 2022); *Holbrook v. State of Michigan*, Case No. 1:21cv382 (S.D. Ohio Mar, 22, 2022); *Holbrook v. State of Michigan*, Case No. 1: 21cv383 (S.D. Ohio Mar. 22, 2022). The Clerk of Court is **DIRECTED** to not accept for filing any action filed by Petitioner collaterally challenging or otherwise concerning his Michigan conviction, sentence, or custody unless the filing is certified as being nonfrivolous and filed in the proper venue by an attorney. Submissions filed by petitioner that do not include a certification should be returned to Petitioner unfiled.

**IT IS SO ORDERED.**

                                      */s/ Michael R. Barrett*
                                      Michael R. Barrett
                                      United States District Court